IN THE MATTER OF THE REMOVAL FROM THE STATE
OF THE PROPERTY COMPRISING THE TRUST UNDER
THE LAST WILL AND TESTAMENT OF HOWARD M.
HENDERSON, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided May 29, 1956.

*Messrs McCarter, English & Studer (Mr. Augustus C. Studer, Jr., appearing),* attorneys for plaintiffs.

SULLIVAN, J. S. C. This is an application by the plaintiffs to remove a trust estate from New Jersey to the State of California pursuant to *N. J. S.* 3*A*:23–1, which provides as follows:

> "When a ward, whether mental incompetent or minor, or a *cestui que trust,* or all the *cestuis que trustent in esse,* is or, all of them, are nonresidents of this state and is or are entitled to personal or real property in this state and the guardian or trustee received his letters from, or is subject to the jurisdiction of, a court of another state or country, the superior court or, except where there is a fund in the custody of the superior court or in the custody of a fiduciary or person whose letters or authority were received from the superior court, the county court may, authorize the guardian or trustee, if it is in the interest of the persons in interest, to demand, collect, sue for, receive and remove from this state all or any part of the personal property and the rents, issues and profits of the real property, or authorize the same to be transferred to the custody of the proper court of such state, jurisdiction or country."

Howard M. Henderson died on August 18, 1930, a resident of Essex County, New Jersey, and his last will and testament was probated in the prerogative Court of New Jersey on September 17, 1930. Under said will, the residuary estate was placed in trust to pay the income to the decedent's wife for life (she is now dead), then to pay the income to his three children for life with remainder to their issue. Com-

mercial Trust Company of New Jersey was appointed executor and trustee. By a judgment of this court dated April 1, 1955, Commercial Trust Company of New Jersey was discharged as trustee of said trust and the decedent's three children, the plaintiffs herein and life tenants under the trust, were appointed substituted trustees.

All of the plaintiffs, together with their children who are the remaindermen under the trust, live in San Diego County, California. Thus we now have the situation where the substituted trustees, the life tenants, and the remaindermen, all permanently reside in California, despite the fact that the trust was created by a will probated in this State.

It is because of this situation that an application has been made to remove the entire trust estate to California. To that end and in anticipation that the transfer would be authorized, the plaintiffs herein made application to the Superior Court of San Diego County, California, and were appointed successor trustees of the trust under the will of Howard M. Henderson, deceased, by that court. They now apply for permission to remove all of the trust assets to the State of California to be administered by them in that state pursuant to the terms of the trust and under the supervision and control of the Superior Court of San Diego County, California.

■ This Court has the power to grant the application provided a proper basis is established. No reason appears why the transfer should not be made and why it would not be in the interest of the persons in interest to do so. The trust assets consist of cash and securities. No real estate is owned by the trust nor does it have any business interests in this State. The holdings do require constant investment supervision and since the substituted trustees are all in California that matter can better be attended to in that state. No disputes concerning the trust exist or are in prospect. The beneficiaries, both life tenants and remaindermen, all permanently reside in California. It will be more convenient for all concerned to transfer the entire trust to that state,

the only difference being that the administration of the trust, according to its terms, will be under the supervision and control of the courts of California rather than New Jersey.

██ Plaintiffs' application will be granted. However, since this is a testamentary trust of personalty, it is to be administered by the substituted trustees in accordance with the law of New Jersey. *In re Carter's Estate,* 6 *N. J.* 426 (1951).